UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-3 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Demario Kentrell Booker | |
| Defendant. | |

Richard Newberry, Assistant United States Attorney, for Plaintiff.
Douglas Olson, Assistant Federal Defender, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 27, 2013 on Defendant's motions to suppress and return privileged medical records (ECF No. 46) and to dismiss the superseding indictment (ECF No.47). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends Defendant's motions be **DENIED**.

At the hearing on March 27, the Court ordered both parties to submit additional briefing on the issue of whether the government legally obtained Booker's medical records.[1] Those briefs were due April 2. In an April 2 letter to the Court, Booker acknowledged that there is a "law enforcement" exception under the Health Insurance Portability and Accounting Act (HIPAA) that allows disclosure of a patient's medical records pursuant to a grand jury-subpoena. *See* 45 C.F.R. §

---

[1] Andrew Dunne, Assistant United States Attorney represented the government at the hearing due to Mr. Newberry's absence. Mr. Dunne was unable to confirm the method used by the government to obtain these records.

1

164.512(f)(1)(ii)(B). Still, Booker requested that the Court complete an in–camera review of the grand–jury subpoena, if used in this case, to "ensure compliance with the law." ECF No. 53. The government's brief set forth the legal basis for acquiring a criminal defendants medical records under relevant case law and the HIPAA exception, but failed to explicitly state that a grand–jury subpoena was used to obtain Booker's medical records. ECF No. 51. On April 3 this Court ordered the government to file— ex parte— the grand jury subpoena, if used. The Court received said grand jury subpoena on April 8 and has confirmed its authenticity. In light of the HIPPA exception mentioned above, the government's acquisition of Booker's medical records by grand jury subpoena was in full compliance with the law.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motions to suppress and return medical records (ECF No. 46) and to dismiss the superseding indictment (ECF No. 47) should be **DENIED.**

DATED: April 8, 2013                         *s/Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 18, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 18, 2013** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.