UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMARIO KENTRELL BOOKER,<br><br>Defendant. | Criminal No. 13-3 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER** |

Gregory G. Brooker, Interim United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Demario Kentrell Booker, No. 16769-041, Federal Correctional Institution – Oxford, P.O. Box 1000, Oxford, WI 53952, *pro se* defendant.

Demario Kentrell Booker, currently serving an 84-month term in the custody of the Bureau of Prisons ("BOP"), moved the Court to issue a judicial recommendation to the BOP that he be allowed to serve the last 12 months of his term in a Residential Reentry Center ("RRC"), better known as a halfway house. The Court denied his motion on the ground that it lacks authority to direct the BOP to place a defendant in an RRC. Booker moved for reconsideration, which the Court will grant because it does have the authority to issue the non-binding recommendation Booker seeks. However, because the record is presently insufficient to demonstrate that Booker's case warrants such a recommendation, the Court will decline to issue one at this time.

## BACKGROUND

In 2013, a jury convicted Demario Kentrell Booker of the crime of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Jury Verdict, Apr. 24, 2013, Docket No. 93.) The Court held a sentencing hearing on January 21, 2014. (Minute Entry, Jan. 21, 2014, Docket No. 129.) There, Booker's counsel argued that his criminal history was overstated because his only previous prison term lasted about one year. (Tr. of Sentencing Hr'g ("Tr.") at 10:20-11:24, Mar. 3, 2014, Docket No. 147.) The United States responded that the supervised release and shorter sentence imposed for Booker's previous crimes had not deterred him from this one. (*Id.* at 15:22-16:2.) The Court sentenced Booker to a below-guidelines sentence of 84 months in BOP custody and 3 years of supervised release. (Minute Entry.) Noting that this sentence was much more significant than Booker's previous sentences, the Court found it was sufficient but not greater than necessary in light of the severity of the criminal conduct (including danger caused by Booker's flight from police)[1] and mitigating circumstances (including Booker's life and medical history and his significant family support). (Tr. at 18:19-24, 20:17-21:9.) The Court noted that Booker would have opportunities for vocational training and mental-health treatment in prison. (*Id.* at 21:22-23.) In response to Booker's request, the Court recommended to the BOP that he serve his sentence close to Minnesota. (*Id.* at 23:12-22.) The Court also granted Booker's request that he be allowed to self-surrender to the Marshals after sentencing. (*Id.* at 25:20-25.)

---

[1] The Court specifically stated that roughly 12 to 24 months of the sentence was based on the danger to innocent people caused by Booker's dangerous flight from police. (Tr. at 22:2-7.)

Now about four years into his sentence, Booker has moved for the Court to issue a judicial recommendation to the BOP that he be allowed to serve the last 12 months of his term in an RRC.  (Mot. for Judicial Recommendation, Nov. 13, 2017, Docket No. 164.) Booker has presented evidence that he successfully completed a number of programs, including anger management, drug-abuse treatment, and various vocational trainings and continuing education courses during his term in prison.  (*Id.* at 3.)  He is certified as a safety production technician and has a re-entry plan prepared so that he will be able to begin working as soon as he arrives at a halfway house.  (*Id.*)  And he reports that his detention has been incident-free.  (Reply to Mot. at 3, Dec. 20, 2017, Docket No. 167.) Booker argues that time in RRC placement would allow him to better transition from prison to society at large by giving him time to find employment and housing, save money, and rebuild relationships with family members and the community.  (*Id.* at 3-4.)

The United States opposes Booker's motion on the grounds that the Court lacks authority to amend the judgment against him, that Booker has not provided enough information to demonstrate that a judicial recommendation to BOP is warranted, and that it is an "ill-advised" use of judicial resources for the Court to consider motions like this one.  (Resp. to Mot., Dec. 6, 2017, Docket No. 165.)

The Court initially denied Booker's motion on the ground that it lacks authority to amend the sentence to direct the BOP to place the defendant in an RRC.  (Order at 1, Jan. 16, 2018, Docket No. 168.)  Booker moved for reconsideration, clarifying that his request is only for the Court to issue a post-sentencing recommendation, not for a modified or corrected sentence.  (Mot. for Reconsideration, Feb. 13, 2018, Docket No. 169.)

## DISCUSSION

The BOP has broad discretion to designate the place of a prisoner's imprisonment, but it must do so after considering "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). Pursuant to Section 251 of the Second Chance Act of 2007, Pub. L. No. 110-199, the BOP is required to ensure, to the extent practicable, that a prisoner spends a portion of the final months of his term "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Id.* § 3624(c)(1). Courts may offer recommendations as to when and where that placement should occur, though such recommendations do not bind the BOP. *Id.* § 3621(b). Because the Court has authority to issue a non-binding recommendation, the Court will grant Booker's motion to reconsider.

However, the cases where sentencing courts have elected to exercise their discretion to issue a recommendation involve unique evidence. For example, one court issued a recommendation when a prisoner had not only completed a variety of programs and earned his GED but also had two letters of recommendation from BOP supervisors describing both his technical expertise and strength of character. *United States v. Baker*, No. 3:01-94-01, 2013 WL 355867, at *1-2 (M.D. Ala. Jan. 29, 2013). Another prisoner who earned a recommendation had a "gate pass" that permitted him to leave the facility each day to conduct his job duties. *United States v. Brattin*, No. 2:13-161, 2016 WL 4467897, at *1 (D. Nev. Aug. 23, 2016). A third had cooperated with prosecutors in his

case. *United States v. Bartels*, No. 12-20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016). A fourth had no prior criminal history and had been allowed to remain free on bond for 18 months during the pendency of his appeal. *United States v. Qadri*, No. 06-00469, 2017 WL 1011663, at *1-2 (D. Haw. Mar. 15, 2017). Moreover, in each case, it appears that the Government did not oppose the Court issuing a recommendation.

The Court agrees with Booker that placement in a halfway house at the end of his term would help ease his reentry into society, and – consistent with the purposes of the Second Chance Act – reduce his chances of recidivism. And, contrary to the Government's assertion, the Court certainly does not believe it is a waste of judicial resources to consider such petitions. But the evidence Booker has submitted in support of his motion is insufficient to justify a recommendation that he serve the last 12 months of his term in an RRC. This is not to say that Booker will be unable to present evidence that shows he merits such a recommendation. Indeed, his participation in BOP programming and continuing education courses and his work certification are a good start. It is only to say that he has yet not provided enough – particularly in light of the fact that his projected release date is still almost two years away. The United States suggests, and the Court believes, that additional documentary evidence – such as proof of a clear disciplinary record and evaluations or recommendations from Booker's employment supervisors or BOP personnel – may be sufficient to justify granting a renewed motion at a later date. However, because such evidence is not in the record at this time, the Court will again deny Booker's Motion for Judicial Recommendation to the Federal Bureau of Prisons.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Reconsideration [Docket No. 169] is **GRANTED**.

2. The Court's January 16, 2018, Order [Docket No. 168] is **VACATED**.

3. Defendant's Motion for Judicial Recommendation [Docket No. 164] is **DENIED**.

DATED:  May 16, 2018  
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court